# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | **Criminal No. 09-100 (ADM/JJG)** |
| Plaintiff, | |
| v. | **ORDER** |
| **Robert Dale Goris,** | |
| Defendant. | |

This prosecution returns to the undersigned on a motion, by defendant Robert Goris, for release of funds (Doc. No. 46). The Government is represented by Michael L. Cheever, Asst. U.S. Attorney. Mr. Goris (Goris) is represented by Rain L. Minns, Esq.

The current motion involves the proceeds of a land sale that apparently closed in October 2009. Pursuant to a stipulation by the parties, which this Court adopted in an order on February 4, 2010, the proceeds of the sale were placed in the escrow account of the U.S. Marshall. Goris now moves for the disgorgement of some of those funds, in order to pay for expenses incident to his defense and trial.

This Court finds that the purpose of the sale, at least in part, was to obtain funds for his defense. But the issue is whether Goris is entitled to those funds now. If the escrow funds were also dedicated as security, to ensure Goris' appearance at trial, then he cannot access the funds until the proceedings are completed. The critical question, therefore, is whether these funds were intended as security.

Pursuant to the initial order providing conditions of pretrial release, Goris was subject to an unsecured appearance bond for $1 million. But at a motion hearing on August 11, 2009, counsel for Goris clearly stated that the proceeds of the sale would be applied as surety:

> [The funds would] be held [in escrow] until there isn't any need for surety. And then, the defense get paid out of those funds and the change go back to Mr. Goris. . . .

The parties later memorialized this understanding in their stipulation, which provides in relevant part,

> The prior Order of the Court requiring that defendant's real property up to and including a value of $1,000,000 be dedicated as security for his appearance in the above-entitled matter shall be reduced by the amount of the above checks so that the total security remains $1,000,000 to include the amount of the deposited checks.

Based on these representations, which this Court subsequently adopted in the February 4 order, the record shows that the proceeds of the sale were intended as surety. For this reason, the escrow funds cannot be made available for other purposes until the proceedings are complete, as determined by District Judge Ann D. Montgomery. Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Goris' motion for release of funds (Doc. No. 46) is **DENIED.**

Dated this 19th day of February, 2010.    /s   *Jeanne J. Graham*

JEANNE J. GRAHAM
United States Magistrate Judge